IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARDY MERRITT,<br><br>  Plaintiff,<br><br>  v.<br><br>HOUSING AND URBAN DEVELOPMENT, et al.,<br><br>  Defendants. | Case No. 24-cv-03968-MMC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; DENYING MOTION FOR INJUNCTION** |

Before the Court is plaintiff Ardy Merritt's ("Merritt") (1) "Application to Proceed In Forma Pauperis" (Doc. No. 3), filed July 1, 2024, (2) "Complaint for Damages" (Doc. No. 1-3) and an "Affidavit" in support thereof (Doc. No. 1-1), each filed July 1, 2024, and (3) motion for an "Injunction" (Doc. No. 1), filed July 1, 2024, and a "Declaration" in support thereof (Doc. No. 5), filed July 9, 2024.[1] Having read and considered the above-referenced filings, the Court rules as follows.

**BACKGROUND**

The following factual allegations are contained in the Complaint and are assumed true for purposes of the instant Order. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986) (holding, for purposes of determining whether a plaintiff states cognizable claims for relief, a district court "must accept as true all material allegations in the complaint and construe them in the light most favorable to [the plaintiff]").

The City of Berkeley ("Berkeley") has instituted a "Shelter Plus Care Program," under which Berkeley provides "rent subsidies" to "assist formerly homeless, disabled

---

[1] The above-titled action was reassigned to the undersigned on July 11, 2024.

individuals and families to retain stable housing."  (See Compl. at 22.)[2]  The United States Department of Housing and Urban Development ("HUD") has provided grants to Berkeley for use in its "[r]ental assistance" programs.  (See Compl. at 16-17.)

In 2018, Berkeley and SBMann3 LLC, an owner of real property, entered into a contract, titled "Housing Assistance Payments Contract," under which SBMann3 LLC was to lease to Merritt a "residential unit located at 5509 Foothill Blvd. #3" in Oakland, California, for $1,540 per month.  (See Compl. at 2, 8, 25.)  The contract provided that Berkeley, under its Shelter Plus Care Program, would pay SBMann3 LLC the sum of $1,309 per month, and that Merritt would pay the balance of $231.  (See Compl. at 8-9.)[3]

The agreement between Berkeley and SBMann3 LLC required the latter to "provide decent, safe and sanitary housing in accordance with 24 CFR Section 882.109."[4]  (See Compl. at 9.)  SBMann3 LLC, however, "continuously" violated said provision, which Merritt reported to Berkeley.  (See Compl. at 3.)  At some point after Merritt "initially informed" Berkeley of said violations, Berkeley "personnel" sent him a "warning notice," after which Merritt was "convinced" not to send "any more notifications to [Berkeley]" for "fear of retaliation" by Berkeley.  (See id.)

At some point, Berkeley sent Merritt an "email" stating that if he did not pay his portion of the rent, he "would be terminated from the subsidy program," and Merritt's rent subsidy ultimately was terminated.  (See Compl. at 2.)[5]  Although Merritt sent HUD "certain information regarding the non payment of rent," such as "evidence" of "illegal

---

[2] In citing to the Complaint and the exhibits attached thereto, the Court has used herein the page number affixed to the top of each page by this district's electronic filing program.

[3] At some later point, the subsidy was decreased to $1,302, and, in June 2023, it was further decreased to $1,298.  (See Compl. at 24.)

[4] The cited regulation was "removed" from the Federal Register in 1998.  See 63 Fed. Reg. 23,826, 23,854 (April 30, 1998).  It would appear the relevant regulation is now set forth at 24 C.F.R. § 5.703.

[5] The sequence of these events is not clearly set forth in the Complaint.

2

entries" into his apartment and "into [the] front entrance" of the building (see Compl. at 4), HUD did not conduct a "thorough investigation" into the information Merritt provided and "sided with the termination" (see Compl. at 3-4).

Merritt "eventually received a three day notice" and SBMann3 LLC subsequently filed in state court an "Unlawful Detainer" action. (See Compl. at 1, 3.) After "[h]earings, settlement conferences, and [a] trial were held" in the state court proceedings, a "final resolution favoring the Plaintiff," i.e., SBMann3 LLC, "was issued." (See Compl. at 3.)

Based on the above, Merritt, who proceeds pro se, asserts claims for "Breach of Contract" and "Fraudulent Enforcement of Contracts" against HUD, Berkeley, and SBMann3 LLC. (See Compl. at 1.)[6] He seeks monetary damages against all defendants, as well as injunctive relief against SBMann3 LLC. (See Compl. at 5.)

## DISCUSSION

Initially, the Court addresses Merritt's application to proceed in forma pauperis. In that regard, as it appears from Merritt's application that he lacks funds to pay the filing fee, the application to proceed in forma pauperis will be granted.

Where, as here, a party proceeds in forma pauperis, the district court, pursuant to 28 U.S.C. § 1915(e)(2), must dismiss the complaint if the plaintiff "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B). The Court thus turns to the question of whether the Complaint states a claim on which relief may be granted.

Liberally construed, Merritt's Complaint asserts that (1) SBMann3 LLC failed to comply with its contractual obligation to provide "decent, safe and sanitary housing" to Merritt (2) HUD and Berkeley failed to require SBMann3 LLC to comply with said contractual obligation, and (3) all defendants engaged in "fraud" by enforcing the contractual requirement that Merritt pay the non-subsidized portion of his rent.

---

[6] The Complaint also names as a defendant "Shelter Plus Care Department and Program" (see id.) which entity is, according to an exhibit attached to the Complaint, a program administered by the City of Berkeley Housing & Community Services Department, and not an entity separate from Berkeley. (See Compl. at 8, 14.)

3

1    To the extent Merritt asserts claims against HUD, the Court notes that Merritt does
2 not allege he has a contractual relationship with said defendant, nor could he.  Thus, his
3 claims against HUD pertain to HUD's alleged failure to require SBMann3 LLC to comply
4 with its contractual obligations (or, possibly, to require Berkeley to take action against
5 SBMann3 LLC), as well as HUD's enforcing the requirement that Merritt pay his portion of
6 the rent.

7    Under the Federal Tort Claims Act ("FTCA"), a district court has jurisdiction over
8 claims against the United States for losses "caused by the negligent or wrongful act or
9 omission of any employee of the Government while acting within the scope of his office or
10 employment, under circumstances where the United States, if a private person, would be
11 liable to the claimant in accordance with the law of the place where the act or omission
12 occurred."  See 28 U.S.C. § 1346(b)(1).  Here, even assuming the factual allegations in
13 the Complaint can be construed as asserting the type of negligent or wrongful act
14 described in the quoted statute, the Court lacks jurisdiction over any such claim, as
15 Merritt does not allege that, prior to filing the instant action, he presented a claim to HUD
16 and that such claim was denied.  See 28 U.S.C. § 2675(a) (providing "action shall not be
17 instituted against the United States for money damages . . . unless the claimant shall
18 have first presented the claim to the appropriate Federal agency and his claim shall have
19 been finally denied"); Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) (holding
20 "timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a
21 suit under the FTCA"; affirming dismissal of complaint for failure to allege such
22 "jurisdictional prerequisite").

23    Accordingly, Merritt's claims against HUD are subject to dismissal for lack of
24 subject matter jurisdiction.

25    In light thereof, Merritt's claims against Berkeley and SBMann3 LLC, which claims
26 arise under state law, are also subject to dismissal for lack of subject matter jurisdiction.
27 See Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 664 (9th Cir. 2002) (holding,
28 where federal claims are dismissed for lack of subject matter jurisdiction, district court

4

has "no discretion to retain supplemental jurisdiction over [plaintiff's] state law claims").[7]

Lastly, in light of the dismissal of the Complaint for lack of subject matter jurisdiction, Merritt's motion for an injunction will be denied for lack of subject matter jurisdiction. Moreover, even if the Court had jurisdiction over at least one claim in the Complaint, the Court nonetheless would lack jurisdiction to grant the motion for injunctive relief, which seeks an order enjoining the state court's ruling in the above-referenced unlawful detainer action, based on what Merritt asserts were errors by the state court. See Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 294-95 (1970) (holding district courts lack "power" to "enjoin state court proceedings" even where plaintiff asserts state court "interfere[d]" with "federal right"; further holding district courts "possess no power whatever to sit in direct review of state court decisions").

**CONCLUSION**

For the reasons stated above, the application to proceed in forma pauperis is hereby GRANTED, the Complaint is hereby DISMISSED for lack of subject matter jurisdiction, and the motion for an injunction is hereby DENIED.

Should Merritt wish to file an amended complaint, he shall do so no later than August 9, 2024.

**IT IS SO ORDERED.**

Dated: July 16, 2024

MAXINE M. CHESNEY
United States District Judge

---

[7] The parties are not diverse in citizenship.