IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARDY MERRITT,<br><br>                Plaintiff,<br><br>        v.<br><br>HOUSING AND URBAN DEVELOPMENT, CITY OF BERKELEY (Health, Housing and Human Services), SHELTERPLUS CARE DEPARTMENT AND PROGRAM, SB MANN 3 LLC<br><br>                Defendants. | Case No. 24-cv-03968-MMC<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND; DIRECTIONS TO CLERK** |

By order filed July 16, 2024 ("July 16 Order"), the Court granted plaintiff Ardy Merritt's ("Merritt") application to proceed in forma pauperis and, pursuant to 28 U.S.C. § 1915(e)(2), dismissed Merritt's complaint, for failure to state a claim; the Court afforded Merritt leave to amend.  Now before the Court is Merritt's amended complaint, titled "Amended Breach of Contract[,] Fraudulent Enforcement of Contract" ("AC"), and an affidavit in support thereof, both filed July 26, 2024.

Where, as here, a party proceeds in forma pauperis, the district court, pursuant to 28 U.S.C. § 1915(e)(2), must "dismiss the case" if the plaintiff "fails to state a claim on which relief may be granted."  See 28 U.S.C. § 1915(e)(2)(B).  The Court thus turns to the question of whether the AC states a claim on which relief may be granted.

Merritt asserts claims of breach of contract and fraud and seeks, as against all defendants, monetary damages, as well as an injunction to stay proceedings in an unlawful detainer action filed in state court.  As set forth in greater detail in the July 16 Order, Merritt's claims arise from his allegations that his landlord, SB Mann 3 LLC,

1  brought an unlawful detainer action against him after it assertedly had breached the

2  terms of their rental agreement, and that the City of Berkeley ("Berkeley"), which provided

3  a rental subsidy to Merritt under Berkeley's ShelterPlus Care Program, and the United

4  States Department of Housing and Urban Development ("HUD"), which provided a grant

5  to Berkeley to fund said Program, failed to take steps against SB Mann 3 LLC for its

6  asserted breach of the rental agreement.

7  In its prior Order, the Court dismissed Merritt's claims against HUD, as asserted in

8  the initial Complaint, for lack of subject matter jurisdiction, as Merritt did not allege he had

9  presented an administrative claim to HUD prior to his filing the instant action. See 28

10  U.S.C. § 2675(a) (providing "action shall not be instituted against the United States for

11  money damages . . . unless the claimant shall have first presented the claim to the

12  appropriate Federal agency and his claim shall have been finally denied").  In light of

13  such dismissal, the Court also dismissed Merritt's claims against SB Mann 3 LLC and

14  Berkeley, which claims arise under state law, also for lack of subject matter jurisdiction.

15  See Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 664 (9th Cir. 2002) (holding,

16  where federal claims are dismissed for lack of subject matter jurisdiction, district court

17  has "no discretion to retain supplemental jurisdiction over [plaintiff's] state law claims").

18  In the AC and supporting affidavit, Merritt provides additional details as to SB

19  Mann 3 LLC's alleged breach of contract (see, e.g., AC at 5 (alleging SB Mann 3 LLC is

20  "allowing . . . transient squatters to reside on property")), and the asserted failure by HUD

21  and Berkeley to intervene on his behalf (see, e.g., AC Ex. 2 at 1 (letter from HUD to

22  Merritt, stating HUD "field office" had "recommended [Merritt] comply with the terms of

23  [his] lease" and "work with [Berkeley] on paying the arrearage"); Pl.'s Aff. 6 (alleging

24  Berkeley employees in ShelterCare Plus engaged in "delay" that "prevented full

25  disclosure of the safety and security violations [of SB Mann 3 LLC]")).  As neither the AC

26  nor the supporting affidavit, however, includes any allegation that Merritt submitted an

27  administrative claim to HUD prior to filing the instant action, let alone an allegation that

28  such claim had been denied, the Court lacks jurisdiction over the claims in the AC for the

1  same reasons as expressed in the July 16 Order.

2  Accordingly, the AC is hereby DISMISSED without further leave to amend, for lack
3  of subject matter jurisdiction.

4  The Clerk of Court is hereby DIRECTED to close the file.

5  **IT IS SO ORDERED.**

7  Dated: August 15, 2024

MAXINE M. CHESNEY
United States District Judge