IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARDY MERRITT,<br><br>          Plaintiff,<br><br>   v.<br><br>HOUSING AND URBAN DEVELOPMENT, et al.,<br><br>          Defendants. | Case No. 24-cv-03968-MMC<br><br>**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH** |

By order filed July 16, 2024, the Court granted plaintiff's application to proceed in forma pauperis and, by order filed August 15, 2024, dismissed the above-titled action for lack of subject matter jurisdiction. Plaintiff subsequently filed a notice of appeal from the judgment of dismissal.

Now before the Court is a Referral Notice, filed September 6, 2024, by the United States Court of Appeals for the Ninth Circuit, whereby the above-titled action has been referred to the undersigned to determine whether plaintiff's in forma pauperis status should continue on appeal. Having read and considered the record, the Court rules as follows.

"A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." Fed. R. App. P. 24(a)(3). "Good faith" in this context is determined by an "objective standard," namely, whether the appellant seeks review of "any issue not frivolous," see Coppedge v. United

1  States, 369 U.S. 438, 445 (1962); i.e., he seeks to raise "legal points" that are "arguable
2  on their merits," see Neitzke v. Williams, 490 U.S. 319, 325 (1989) (internal quotation and
3  citation omitted).
4    Here, plaintiff's claims arise from an unlawful detainer action filed in state court
5  against him by defendant/landlord SB Mann 3 LLC, and are based on alleged acts and
6  omissions by defendant Department of Housing and Urban Development ("HUD") and
7  defendant City of Berkeley, occurring before and during those state court proceedings,
8  namely, their not intervening or otherwise taking steps to stop the unlawful detainer
9  proceedings and/or not taking action to prohibit the landlord from assertedly allowing
10 squatters to live at the property. According to plaintiff, he is, as a result of HUD's actions
11 or inactions, entitled to recover $35,000. (See Amended Compl. at 4:3-4.)
12   The Court dismissed plaintiff's claims against HUD, given plaintiff's failure to allege
13 compliance with the claim presentation requirement. See 28 U.S.C. § 2675(a) (providing
14 "[n]o action" seeking "money damages for injury or loss of property" against federal
15 government may be filed before plaintiff "first present[s] the claim to the appropriate
16 Federal agency").[1] In light of such ruling, the Court also dismissed the claims against the
17 remaining defendants, all of which claims arose under state law, and denied plaintiff's
18 request to enjoin the state court proceedings.
19   In his Notice of Appeal (see Doc. No. 18),[2] plaintiff essentially states he will argue
20 that his communications with HUD, whereby he sought assistance regarding his dispute
21 with the landlord, should be treated as a claim for purposes of § 2675(a). (See Pl.'s
22 Notice of Appeal at 7:22-8:7.) Such contention is not, however, arguable on its merits, as
23 such communications did not constitute a demand for money damages from HUD. See
24 Warren v. United States Dep't of Interior, 724 F.2d 776, 780 (9th Cir.1984) (explaining

---

[1] The Court, for the same reasons, dismissed plaintiff's claims against HUD as asserted in the initial complaint, and afforded plaintiff leave to amend to allege compliance with the claim presentation requirement.

[2] An identical copy of the Notice of Appeal is filed as Doc. No. 20.

purpose of claim presentation requirement is to "sufficiently describe[e] the injury to enable the agency to begin its own investigation").

Accordingly, the Court hereby CERTIFIES the appeal is not taken in good faith, and finds plaintiff is not entitled to proceed in forma pauperis on appeal.

The Clerk of Court is hereby DIRECTED to send a copy of this Order to the Ninth Circuit and to plaintiff.

**IT IS SO ORDERED.**

Dated: September 16, 2024

MAXINE M. CHESNEY
United States District Judge